PHILIP COHEN, Respondent, *v.* THE PUBLIC NATIONAL BANK OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, May 1, 1924.

Judgments — summary judgment — action by drawer to recover amount of check paid by defendant bank — allegations that some one other than plaintiff altered date of check and that alteration was visible on inspection denied by defendant in good faith — motion by plaintiff for judgment denied.

In an action by the drawer to recover the amount of a check paid by the defendant bank, after the date of the check had been altered, the plaintiff's motion for summary judgment should be denied where it appears that the plaintiff's allegations that some one other than himself made the alteration and that it was visible on inspection were denied by the defendant in good faith.

APPEAL from an order of Special Term of the City Court of the city of New York, granting summary judgment in favor of the plaintiff, and from the judgment entered on said order.

*Moses & Singer* (*Benjamin H. Margolies,* of counsel), for the appellant.

*Abraham Mann,* for the respondent.

CRAIN, J. The plaintiff was a depositor in defendant bank. On September 17, 1923, he drew a check on his account payable to the order of one Max Frankel for $810. He dated the check September nineteenth. The complaint alleged that Frankel or some one on his behalf altered the date to the eighteenth and that this alteration was visible on inspection. On the eighteenth Frankel presented the check to the defendant for payment and

payment was refused, the paying teller of the defendant placing his initials on the check. Frankel afterwards transferred the check to one Finkelstein, who, on September twenty-second, presented it again to the defendant and obtained payment on it. The answer admits that the date of the check was altered, admits that when the check was first presented payment was refused; it denies, however, knowledge or information sufficient to form a belief as to whether Mr. Frankel or some one in his behalf altered the date and denies that the alteration was visible on inspection. Defendant also denied that it had knowledge of illegality either in the inception of the instrument or in any subsequent period of its history or of any informality in the check. Summary judgment was granted in favor of plaintiff for the amount sued for, being the amount of such check. This was improper. Plaintiff's cause of action depended upon two allegations, namely, *first*, that some one other than plaintiff made the alteration, and *second*, that the alteration was visible on inspection. These allegations were put in issue. They could not be disposed of on motion if defendant's denials putting these allegations in issue were made in good faith. The good faith of the defendant was made to appear by the affidavits of Harry Weiss and Victor Sternberg, defendant's tellers, and the affidavit of Joseph J. Bach, one of its vice-presidents.

Judgment and order reversed, with costs, and motion denied.

BIJUR and McCOOK, JJ., concur.

Judgment reversed.